**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| In re: Kohl's TCPA litigation | ) ) ) ) | MDL Docket No. _____ |

**PLAINTIFF'S MOTION TO TRANSFER RELATED ACTIONS
TO THE NORTHERN DISTRICT OF ILLINOIS
PURSUANT TO 28 U.S.C. § 1407
<u>FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Plaintiff Mark Ankcorn in the action styled *Ankcorn v. Kohl's Corporation*, No. 15-cv-01303 (N.D. Ill.) (hereinafter referred to as the "Movant"), hereby respectfully moves this Judicial Panel on Multidistrict Litigation (the "Panel"), pursuant to 28 U.S.C. § 1407, for entry of an Order transferring the actions listed below and in the accompanying Schedule of Actions (collectively, the "Scheduled Actions") to the United States District Court for the Northern District of Illinois for consolidated pretrial proceedings.  As set forth below, and in the accompanying Brief, the Scheduled Actions share a common legal theory and allege that Kohl's[1] followed a substantially similar course of conduct toward plaintiffs by causing unauthorized automated telephone calls to be placed in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") to plaintiffs and other similarly situated individuals.  Further, transfer is necessary to avoid inconsistent pretrial rulings, duplicative discovery obligations, inconsistent class certification rulings, and to promote the just and efficient conduct of this litigation.

In further support of his motion, Movant states as follows:

1.      The Movant constitutes one of the named plaintiffs from the Scheduled Actions at issue.  The Scheduled Actions for which transfer and consolidation are proposed arise out of the

---

[1] The Scheduled Actions have named Kohl's Corporation, as well as Kohl's Department Stores, Inc. as Defendants.  However, because Kohl's Corporation is the parent company of Kohl's Department Stores, Inc., they will be collective referred to herein as "Kohl's."

same conduct of Defendant Kohl's and allege nearly identical factual and legal claims.  Each of the plaintiffs in the Scheduled Actions has alleged that Kohl's violated the federal Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA") by making unsolicited automated calls to cellular telephones of consumers across the country.

      2.      The 19 Scheduled Actions include three putative class actions and 16 individual actions.

      a.      <u>Putative Class Actions</u>:

- *Ankcorn v. Kohl's Corporation*, No. 15-cv-01303 (N.D. Ill.)
- *Spencer v. Kohl's Department Stores, Inc.*, No. 14-cv-01646 (D. Nev.)
- *Winner & Jennings v. Kohl's Department Stores, Inc.*, No. 16-cv-01541 (E.D. Pa.)

      b.      <u>Individual Civil Actions</u>:

- *Bawgus v. Kohl's, Department Stores, Inc.*, No. 15-cv-00283 (E.D. Tn.)
- *Beaty v. Kohl's Department Stores Inc*, No. 16-cv-00164 (E.D. Wis.)
- *Buzan et al. v. Kohl's Department Stores, Inc.*, No. 16-cv-00180 (E.D. Tex.)
- *Cash v. Kohl's Department Stores, Inc.*, No. 15-cv-02456 (E.D. Ca.)
- *Cook v. Kohl's Department Stores, Inc.*, No. 16-cv-00108 (M.D. Pa.)
- *Douglas v. Kohl's Department Stores, Inc.*, No. 15-cv-01185 (M.D. Fla.)
- *Hernandez v. Kohl's Department Stores Inc*, No. 15-cv-01180 (E.D. Wis.)
- *Humphrey v. Kohl's Department Stores, Inc.*, No. 16-cv-00812 (M.D. Fla.)
- *Larsen v. Capital One Bank, N.A. & Kohl's Department Stores, Inc.*, No. 15-cv-04510 (D. Min.)
- *Levin v. Capital One Financial Corporation & Kohl's Corporation*, No, 16-cv-03580 (D. N.J.)

- *Manning v. Kohl's Dept Stores, Inc*, No. 16-cv-00315 (D. Con.)

- *Maslaton v. Kohl's Department Stores, Inc.*, No. 16-cv-01663 (D. N.J.)

- *McFadden v. Kohl's Corporation*, No. 16-cv-01763 (E.D. Pa.)

- *Montalbo v. Kohl's Department Stores, Inc.*, No. 15-cv-00482 (M.D. Fla.)

- *Pritchard v. Kohl's Department Stores, Inc.*, No. 16-cv-01049 (M.D. Fla.)

- *Simmons v. Kohl's Department Stores Inc*, No. 16-cv-00150 (N.D. Fla.)

3. The Movant is aware of no other related actions currently pending in any court.

4. Movant proposes that all 19 Scheduled Actions identified above and in the attached Schedule of Actions, as well as all other subsequently-filed related actions, be transferred to Judge Robert M. Dow, Jr. of the Northern District of Illinois for consolidated pretrial purposes.

5. Centralization of these Scheduled Actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these Scheduled Actions, will serve the conveniences of all parties and witnesses, and will promote the interests of justice. Each Scheduled Action arises from the same or substantially similar set of facts involving identical or similar automated calls placed to cellular telephones by Kohl's without valid consent of the called party and seeks the same relief from Kohl's.

6. Transfer of the Scheduled Actions to a single court for consolidated pretrial proceedings will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, and permit the cases to proceed to trial more efficiently. Further, because discovery in each of the Scheduled Actions will involve nearly identical witnesses and documents, transfer and consolidation would also avoid duplicative discovery to the benefit of plaintiffs and Defendant Kohl's.

7.	Transfer of the Scheduled Actions is most appropriate to Honorable Robert M. Dow, Jr., United States District Judge for the Northern District of Illinois because: (i) Judge Dow currently presides over the *Ankcorn* action; (ii) the entity that provided the equipment used to place the automated debt collection calls at issue in 18 of the Scheduled Actions, Interactive Intelligence, Inc., is an Indiana corporation with its headquarters located in Indianapolis and the most relevant documents, telecommunications equipment, and witnesses are likely located in and around Indianapolis; (iii) Kohl's has its corporate headquarters located near Milwaukee, WI; (iv) the Northern District of Illinois would serve as a convenient, centrally located forum for parties and witnesses spread across the United States, and (v) the Northern District of Illinois is experienced and efficient at handling complex litigation and MDLs.  Additionally, Judge Dow is a well-regarded judge who has a reasonable docket and is experienced and qualified to preside over MDLs.

8.	This Motion is supported by the accompanying *Plaintiff's Brief in Support of Motion to Transfer Related Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings*, as well as any other materials or oral argument that may be presented to the Panel before or at the time of any hearing on this matter.

WHEREFORE, the Movant – constituting the named plaintiff in *Ankcorn v. Kohl's Corporation* – respectfully requests that the cases listed in the contemporaneously-filed Schedule of Actions, and all other subsequently-filed related actions, be transferred to and consolidated before Judge Robert M. Dow, Jr. of the Northern District of Illinois.

Dated:  June 28, 2016

                            Respectfully Submitted,

                            By: /s/ _____
G. Thomas Martin, III
Nicholas J. Bontrager
Martin & Bontrager, APC
6464 W. Sunset Blvd., Suite 960
Los Angeles, CA 90028
(323) 940−1700
tom@mblawapc.com
nick@mblawapc.com

*Attorneys for Mark Ankcorn*

5