# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: KOHL'S TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                    MDL No. 2736

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiff in an action pending in the Northern District of Illinois (*Ankcorn*) moves under 28 U.S.C. § 1407 to centralize twenty actions in that district. The actions, which are listed on the attached Schedule A, are pending in a total of twelve districts. The Panel has been informed of four additional related federal actions.

Responding plaintiffs' positions on centralization vary. Plaintiffs in the District of Nevada *Spencer* and Central District of California *Pepka* actions support centralization in the Northern District of Illinois. Plaintiffs in the Eastern District of Pennsylvania *Winner* action oppose inclusion of their action in the proposed MDL, as does plaintiff in the Central District of California *Barshay* action, a potential tag-along case. Plaintiffs in three Florida actions,[1] all of which are individual actions, also oppose inclusion of their actions in an MDL, and further argue that any other individual actions (*i.e.*, non-class actions) should be excluded. Plaintiff in the District of Minnesota *Larsen* action opposes centralization in any forum. Responding defendants[2] support centralization in the Northern District of Illinois of all actions except for the *Winner* action, as to which they take no position.

On the basis of the papers filed and the hearing session held, we deny the *Ankcorn* plaintiff's motion. Most of these actions share certain factual issues arising from allegations that defendants violated the Telephone Consumer Protection Act and, in some cases, analogous state law, by using an automatic dialing system to repeatedly make debt collection calls to plaintiffs' cell phones without their express consent.[3] At least with respect to those actions, factual issues encompass defendants'

---

[*] Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] These actions are the Middle District of Florida *Montalbo* and *Pritchard* actions, and the Northern District of Florida *Simmons* action.

[2] Responding defendants are Kohl's Department Stores, Inc., Kohl's Corporation, Capital One, N.A., and Capital One Financial Corporation.

[3] The *Winner* action involves telemarketing text messages, rather than debt collection calls.

(continued...)

practices, policies, and procedures with respect to making debt collection calls and obtaining and recording recipients' consent (and any revocation thereof), as well as the nature of the dialing system or systems used. But these issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time-consuming. In contrast, the amount of individualized discovery into such matters as the number of calls each plaintiff received, the process and documentation involving in obtaining that plaintiff's consent, and the timing and circumstances surrounding revocation seems likely to be quite significant.

The procedural disparity among the cases also weighs against centralization. Whereas some of the actions have been commenced only within the past several months, others have been pending far longer. For example, the *Spencer* action was filed in October 2014, and had a discovery cutoff of July 8, 2016. Similarly, the discovery cutoff in Eastern District of Wisconsin *Hernandez*, which was filed in October 2015, was August 31, 2016.[4] Centralization at this juncture thus appears unlikely to produce significant efficiencies.[5]

Finally, the record indicates that many of these cases may be susceptible to fairly quick resolution. Of the 28 actions originally included on the Section 1407 motion, eight have since been voluntarily dismissed, and five others appear to have been resolved, but not yet formally closed in their respective districts.[6] This pattern of dismissals suggests that centralization is not necessary. *See In re: Live Face on Web, LLC, Copyright Litig.*, 148 F. Supp. 3d 1373, 1374 (J.P.M.L. 2015) ("[W]e have found that a 'trend of quick dismissals' can signal that centralization is not warranted.") (quoting *In re: ArrivalStar S.A. Fleet Mgmt. Sys. Patent Litig.*, 802 F. Supp. 2d 1378, 1379 (J.P.M.L.2011)).

---

[3](...continued)
Plaintiff in the *Barshay* potential tag-along action contends that her action is akin to *Winner* in that it involves telemarketing text messages, as well as phone calls. The complaints in several of the other constituent actions (*e.g.*, the District of New Jersey *Levin* action and the Middle District of Pennsylvania *Cranor* action) do not identify the nature of the subject calls.

[4] After the discovery cutoffs passed in *Spencer* and *Hernandez*, the actions were stayed pending our decision on centralization.

[5] *See, e.g.,In re: Lifewatch, Inc., Tel. Consumer Prot. Act. (TCPA) Litig.*, 140 F. Supp. 3d 1342, 1343 (J.P.M.L. 2015) (denying centralization, in part because of the procedural disparity of the subject actions). *In re: Credit Prot. Ass'n, L.P., Tel. Consumer Prot. Act. (TCPA) Litig.*, — F. Supp. 3d —, 2016 WL 3101832, at *1 (J.P.M.L. June 2, 2016) (same).

[6] These actions include the three Florida actions referenced in footnote 1, the Middle District of Florida *Thompson* action, and the District of Nevada *Self-Forbes* action.

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
                    Sarah S. Vance
                    Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

**IN RE: KOHL'S TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION**                    MDL No. 2736


## SCHEDULE A


Central District of California

PEPKA v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 2:16-04293
FERRER v. KOHL'S CORPORATION, C.A. No. 5:16-01300

District of Connecticut

MANNING v. KOHL'S DEPT STORES, INC., C.A. No. 3:16-00315

Middle District of Florida

MONTALBO v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 5:15-00482
THOMPSON v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 6:16-00525
PRITCHARD v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 8:16-01049

Northern District of Florida

SIMMONS v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 1:16-00150

Northern District of Illinois

ANKCORN v. KOHL'S CORPORATION, C.A. No. 1:15-01303

District of Minnesota

LARSEN v. CAPITAL ONE BANK, NA, ET AL., C.A. No. 0:15-04510

District of Nevada

SPENCER v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 2:14-01646
SELF-FORBES v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 2:16-01092

District of New Jersey

MASLATON v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 3:16-01663
LEVIN v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
    C.A. No. 3:16-03580

- A2 -

**MDL No. 2736 Schedule A (Continued)**

       <u>Eastern District of Pennsylvania</u>

WINNER, ET AL. v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 2:16-01541
MCFADDEN v. KOHL'S CORPORATION, C.A. No. 2:16-01763
RAMSEY v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 2:16-03306

       <u>Middle District of Pennsylvania</u>

COOK v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 1:16-00108
CRANOR v. KOHL'S DEPARTMENT STORES, INC., C.A. No. 4:16-00356

       <u>Eastern District of Texas</u>

BUZAN, ET AL. v. KOHL'S CORPORATION, C.A. No. 1:16-00180

       <u>Eastern District of Wisconsin</u>

HERNANDEZ v. KOHL'S DEPARTMENT STORES, INC., ET AL.,
    C.A. No. 2:15-01180